**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4135**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNELL MCRAE ALSTON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  W. Earl Britt, Senior District Judge.  (4:11-cr-00029-BR-1)

---

Submitted:  November 30, 2012        Decided:  December 17, 2012

---

Before AGEE, DAVIS, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnell McRae Alston appeals his 104-month sentence imposed after he pled guilty without a plea agreement to one count of distribution of fifty or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Alston asserts that his sentence is procedurally unreasonable because he argues that the district court: (1) did not address his arguments for a downward variance; (2) did not explain its reasons for rejecting his arguments for a variance; and (3) gave an invalid reason to deny his request for a variant sentence. Alston also asserts that his sentence is substantively unreasonable because he argues that: (1) the district court erred when it described its decision to sustain his objection to his Guidelines range calculation as an "advantage" to Alston; (2) a long sentence deprives his children of a father "who is resolved to rehabilitate himself[;]" (3) he should get some credit for a state sentence he served; and (4) the Fair Sentencing Act ("FSA") has not made crack cocaine offenses "truly fair." Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v.

2

Evans, 526 F.3d 155, 161 (4th Cir. 2008).  Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010).  For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim."  Id. at 578.  However, we review unpreserved non-structural sentencing errors for plain error.  Id. at 576-77.

If, and only if, this court finds the sentence procedurally reasonable can it consider the substantive reasonableness of the sentence imposed.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).  We presume that a sentence within the Guidelines range is reasonable.  See United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010)

3

("[W]e may and do treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable.").

We discern no procedural error in Alston's 104-month sentence. Admittedly, in giving its explanation for a sentence, a district court "must place on the record an individualized assessment based on the particular facts of the case before it." Carter, 564 F.3d at 330 (internal quotation marks omitted). However, the reasons given by the district court need not be "couched in the precise language of § 3553(a)" so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied [to the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007). Additionally, a district court need not provide a "comprehensive, detailed opinion," as long as it has satisfied the appellate court that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). We conclude that the district court adequately addressed the arguments raised by counsel in support of a variant sentence, and that its rationale for the 104-month sentence was sufficient to allow for meaningful appellate review.

4

Having discerned no procedural error in Alston's 104-month sentence, the sentence is entitled to the presumption of reasonableness. See Mendoza-Mendoza, 597 F.3d at 217. Although Alston attempts to rebut this presumption by arguing that his sentence is substantively unreasonable because application of the FSA was not an "advantage[;]" his long sentence deprives his children of a father "who is resolved to rehabilitate himself[;]" he should get some credit for the state sentence he served; and the FSA has not made crack cocaine offenses "truly fair[,]" we conclude that Alston's assertions are insufficient to rebut the presumption of reasonableness afforded his within-Guidelines sentence.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED